MEMORANDUM **
Defendant parole officer Heather Smith appeals from the district court’s order denying her summary judgment in a 42 U.S.C. § 1983 action brought by plaintiff parolee Cody Marble. Marble alleged that Smith violated his due process rights by failing to properly contact his requested witnesses for his preliminary parole revocation hearing, at which Smith also served as a hearing officer. As the parties are familiar with the facts, we do not recount them here. We reverse and remand.
We conclude that the district court erred in determining that Smith was not entitled to qualified immunity. “In determining whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer’s alleged misconduct.” C.V. by & through Villegas v. City of Anaheim, 823 F.3d 1252, 1255 (9th Cir. 2016) (citation omitted). Here, even if there were a violation of Marble’s due process rights, Smith is entitled to qualified immunity because those rights were not clearly established.
Marble claims that because he was in custody, his due process rights were violated by Smith’s alleged failure to adequately contact his three requested evidentiary *588 witnesses to inform them of the. preliminary hearing. However, Morrissey v. Brewer, 408 U.S. 471, 487, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which set forth the minimum due process requirements for parole revocation proceedings, held only that at a preliminary hearing “the parolee ... may bring ... individuals who can give relevant information to the hearing officer.” There is no precedent that due process requires a parole officer to contact an incarcerated parolee’s evidentiary witnesses.
Rather, Marble relies on a Montana regulation, which at the time provided that “[i]f the parolee is being detained pending hearing, the parole officer shall contact the requested witnesses and inform [them] of the time and place of the hearing.” Mont. Admin. R. 20.2.209(3) (2011). But, “[a]s a general rule, a violation of state law does not lead to liability under § 1983.” Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998). Montana’s regulation did not create a clearly established federally protected right. See James v. Rowlands, 606 F.3d 646, 657 (9th Cir. 2010) (“[W]hen a state establishes procedures to protect a liberty interest that arises from the Constitution itself ... the state does not thereby create a new constitutional right to those procedures themselves, and non-compliance with those procedures does not necessarily violate the Due Process Clause.”); see also Marsh v. County of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012), Therefore, we conclude that Smith is entitled to qualified immunity regarding her alleged failure to adequately contact Marble’s evidentiary witnesses.
Marble also claims that his due process rights were violated by Smith’s alleged failure to make his requested adverse witness available at the preliminary hearing. However, it was not clearly established that failing to make the adverse witness available for questioning at a preliminary hearing in these particular circumstances would have violated Marble’s due process rights. See White v. Pauly, — U.S.—, 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017) (per curiam) (“[T]he clearly established law must be ‘particularized’ to the facts of the case.” (citation omitted)). Marble relies on cases involving final revocation hearings, but he fails to “identify a case where an officer acting under similar circumstances” at a preliminary hearing was held to have violated due process. Id. Moreover, this case does not involve an “obvious” violation of the minimum due process requirements for a preliminary hearing set forth in Morrissey. Id.; see also Morrissey, 408 U.S. at 487, 92 S.Ct. 2593. Therefore, we conclude that Smith is entitled to qualified immunity regarding her alleged failure to make Marble’s requested adverse witness available at the preliminary hearing,
Because we have determined that Smith is entitled to qualified immunity, we need not reach Smith’s alternative. arguments regarding absolute quasi-judicial immunity and an adequate postdeprivation remedy.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.